Filed May 19, 1888.

———————◆———————

No. 13,152.

## THE CITY OF FRANKFORT v. AUGHE.

MUNICIPAL CORPORATION.—*Intoxicating Liquor.*—*License.*—Municipal corporations have power to exact a license from one who has a State or county license, as well as from all other persons who keep shops for the sale of intoxicating liquors to be used on the premises.

SAME.—*Statutory Offences.*—*Can Not be Made Punishable by Ordinance.*—Section 1640, R. S. 1881, prohibiting towns and cities from making acts punishable by ordinance which are made public offences and punishable by the State, does not apply to an ordinance providing a punishment for selling intoxicating liquor without first procuring a license from the town or city, that not being an offence under the statutes of the State.

SAME.—*Pleading.*—In a complaint to recover a penalty fixed by ordinance, it is sufficient to recite the number of the section violated, without setting it out. If the defendant predicates his defence on the invalidity of the ordinance he must bring it forward.

From the Clinton Circuit Court.

*O. E. Brumbaugh* and *F. Beale,* for appellant.

*J. C. Suit* and *W. R. Moore,* for appellee.

MITCHELL, C. J.—The city of Frankfort complained of Aughe, before the mayor, and charged that the defendant had theretofore unlawfully sold intoxicating liquor within the limits of the city, without having first procured a license authorizing such sale. The sale is alleged to have been

made in violation of sections 1 and 4 of an ordinance duly adopted by the mayor and common council of the city.

The proceeding having come into the circuit court, on appeal, a demurrer was sustained to the complaint. The correctness of this ruling is the only question involved in the present appeal.

The complaint is assailed (1) because it contains no allegation that Aughe had been licensed under the laws of the State to sell intoxicating liquors in a less quantity than a quart at a time, with the privilege of permitting them to be drank on the premises where sold, (2) because the offence charged is an offence against the statute of the State, and it is insisted that a suit to enforce a city ordinance, prohibiting the sale complained of, was within the prohibition of section 1640, R. S. 1881, which prohibits the making of an act punishable by a city ordinance which has been made punishable by a statute of the State.

The first objection is fully met and overthrown by what was said in the recent well considered case of *Lutz* v. *City of Crawfordsville*, 109 Ind. 466. The conclusion arrived at there was, "that municipal corporations are invested with power to exact licenses from persons who have State or county licenses, as well as all other persons who keep shops for the sale of intoxicating liquor to be used on the premises."

Adhering to the conclusions thus stated, it follows that it was quite immaterial whether Aughe had been licensed or not under the laws of the State.

If it be conceded that the power of municipal corporations to exact licenses extends only to those persons who sell liquor to be drank on or adjacent to their premises, still, since the city had the power to pass an ordinance regulating sales and exacting licenses, we must presume that the ordinance, which the demurrer admits the defendant violated, was such an ordinance as the city had the power to pass. The conclusion follows that the demurrer admits the adoption of an ordinance by the city which it, presumably, had

The City of Frankfort *v.* Aughe.

the authority to pass, and that the defendant violated sections 1 and 4 of that ordinance.

Under section 3066, R. S. 1881, it is not necessary to file a copy of the ordinance, or sections thereof, alleged to have been violated, with the complaint. It is sufficient to recite the number of the section or sections violated.

The effect of the statute above mentioned is, to require the defendant, if he claims that the particular sections, which he admits he violated, are invalid, to bring the matter of their invalidity forward by way of defence.

The second objection urged against the complaint is settled adversely to the defendant below by the rulings in *Clevenger* v. *Town of Rushville*, 90 Ind. 258, and *Zeller* v. *City of Crawfordsville*, 90 Ind. 262.

In both of the above cases it was held that section 1640, which prohibits towns or cities from making acts punishable by ordinance which are made public offences and punishable by the State, did not apply to ordinances such as that in question, because there was no statute of the State making it a public offence to sell intoxicating liquor without first procuring a town or city license.

The court erred in sustaining the demurrer to the complaint.

Judgment reversed, with costs.

Filed March 7, 1888.