No. 15,362.

## THE CITY OF ELKHART v. CALVERT.

MUNICIPAL CORPORATION.—*Sale of Intoxicating Liquor.*— *Validity of City Ordinance.*—*Defence.*—*Pleading.*—In an action for the violation of a city ordinance the complaint charged that the defendant, on the 4th day of July, was in charge of a certain place wherein intoxicating liquors were sold on secular days to be drank on the premises, and that he suffered a certain person to enter said place on said day in violation of certain sections named of a city ordinance.

*Held,* on demurrer, that the complaint was sufficient. Under section 3066 R. S. 1881, it is sufficient to recite the number of the sections violated, without filing a copy of the ordinance. The defendant must, if he claims that such ordinance is invalid, bring the question of invalidity forward by way of defence, and not by demurrer to the complaint.

From the Elkhart Circuit Court.

*P. L. Turner,* for appellant.

*H. C. Dodge* and *J. S. Dodge,* for appellee.

OLDS, J.—This is an action brought by the appellant against the appellee for the violation of a city ordinance. The verified complaint alleges that the acts complained of were in violation of sections 14 and 45 of ordinance numbered 112, duly ordained by the common council of the city on the 24th day of April, 1887. The circuit court sustained a demurrer to the complaint, and the appellant reserved an exception to the ruling, and prosecutes this appeal.

In the case of *City of Frankfort* v. *Aughe,* 114 Ind. 77, the court says, that "Under section 3066, R. S. 1881, it is not necessary to file a copy of the ordinance, or sections thereof alleged to have been violated, with the complaint; it is sufficient to recite the number of the section or sections violated. The effect of the statute above mentioned is to require the defendant, if he claims that the particular sections which he admits he violated, are invalid, to bring the matter of their invalidity forward by way of defence."

Under this holding the affidavit in this case is clearly suf-

ficient. It is contended by counsel for appellee that as the complaint charges that the defendant, on the 4th day of July, 1887, was in charge of a certain place wherein intoxicating liquors were sold on secular days to be drank on the premises, and that he suffered a certain person (naming him) to enter said place on said day, such act is not one that can be made punishable by a city ordinance. The statute, section 3106, authorizes incorporated cities to regulate and license all places where intoxicating liquors are sold, and the appellee's liability depends upon the validity of the particular ordinance which it is alleged he violated ; and to test its validity according to the holding in *City of Frankfort* v. *Aughe, supra,* the appellee must bring the question before the court by way of a defence.

The court erred in sustaining a demurrer to the complaint.

Judgment reversed, at costs of appellee, with instructions to overrule the demurrer to the complaint.

Filed Nov. 12, 1890.