## MIEDREICH *v.* LAUENSTEIN.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 20.   Argued October 31, 1913.—Decided February 2, 1914.

Although the record is meager of attempts to raise it, if the state court holds that a Federal question is made before it, according to its practice, and proceeds to determine it, this court regards the question as duly made.

It is only in exceptional cases, where what purports to be a finding of fact is not strictly such but is so involved with, and dependent upon, questions of law, that this court departs from the rule that it accepts

as binding the findings of fact made by the highest court of the State from which the case comes.

This court has always recognized the difficulty of satisfactorily defining the term "due process of law" in general terms applicable to all cases, and the desirability of judicial determination in each case as the question arises. *Davidson* v. *New Orleans,* 96 U. S. 97.

Law, in its regular course of administration through courts of justice, is due process, and, when secured by the law of the State, the constitutional requirement is satisfied. *Leeper* v. *Texas,* 139 U. S. 462.

In the absence of fraud or collusion, where the original party did all that the law required in the issue and attempt to serve process, but the sheriff made a false return to the effect that service had been made, the state court, in the absence of direct attack upon the return, in acting thereon as though it were true, and holding that the sole remedy was an action against the sheriff for a false return, did not deny the party due process of law within the meaning of the Fourteenth Amendment.

One damaged by reason of a false return of the sheriff as to service of process, and who is given a remedy against the sheriff, is not denied due process of law by the enforcement of the judgment based on such false return because the amount of the sheriff's bond is less than the amount of his loss.

172 Indiana, 140, affirmed.

THE facts, which involve the validity under the due process clause of the Fourteenth Amendment of a judgment based on a false return of service made by a sheriff, are stated in the opinion.

*Mr. George K. Denton* for plaintiff in error, submitted:

Each of the six assignments of error state a Federal question arising under the Fourteenth Amendment which was necessarily involved in this case. As the state court decided them, it is not material whether or not it stated them as Federal questions. *Carpenter* v. *Strange,* 141 U. S. 87, 103; *Huntington* v. *Attrill,* 146 U. S. 657, 683; *Atherton* v. *Atherton,* 181 U. S. 155, 160; *Jacobs* v. *Marks,* 182 U. S. 583, 587; *Stearns* v. *Minnesota,* 179 U. S. 223, 233; *Wilson* v. *Standefer,* 184 U. S. 399, 411.

Due process of law implies a tribunal of competent jurisdiction, and a sufficient service on the defendant, or an appearance on his part, to render him amenable to that jurisdiction. *Pennoyer* v. *Neff*, 95 U. S. 714.

An opportunity to be heard is essential to due process of law. *Murray* v. *Hoboken Land Company*, 18 How. 272.

No court is authorized to render a judgment or decree against anyone, or his estate, until after due notice by service of process to appear and defend. *Hollingsworth* v. *Barbour*, 4 Pet. 466; *Knowles* v. *Logansport Gas Co.*, 19 Wall. 58, 70; *Thompson* v. *Whitman*, 18 Wall. 457.

In its restricted sense, jurisdiction means the power to decide. Without this any judgment is subject to direct or collateral attack as an absolute nullity. Jurisdiction of this kind is twofold: (1) of the subject-matter, (2) of the person. If either is wanting there is no jurisdiction. *Chicago Board of Trade* v. *Hammond Elevator Co.*, 198 U. S. 424; *Shepherd* v. *Adams*, 168 U. S. 618; *Remington* v. *Central R. R. Co.*, 198 U. S. 95.

A court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon some one authorized to accept service in his behalf or by his waiver, by general appearance or otherwise, of the want of due service. *D'Arcy* v. *Ketchum*, 11 How. 165; *Knowles* v. *Logansport Gaslight Co.*, 19 Wall. 58; *Hall* v. *Lanning*, 91 U. S. 160; *York* v. *Texas*, 137 U. S. 15; *Wilson* v. *Seligman*, 144 U. S. 41.

Service of a mesne process from a court of a State, not made upon a defendant or his authorized agent within the State although there made in some other manner recognized as valid by its legislative acts and judicial decisions, can be allowed no validity in the Federal court after the removal, unless defendant can be held by virtue of a general appearance or otherwise to have waived the defect

in the service, and to have submitted himself to the jurisdiction of the court. *Goldey* v. *Morning News*, 156 U. S. 518.

Process must be personally served on minors in order that jurisdiction may be acquired, and no guardian *ad litem* can be appointed by the court for an infant defendant who has not been personally served with process, if a resident, or if a non-resident with notice by publication. *Carver* y. *Carver*, 64 Indiana, 194; *Galpin* v. *Page*, 18 Wall. 350.

Federal courts will not give effect to a judgment in a state court unless the state court has lawfully acquired jurisdiction of the defendant, even despite recitals in the judgment of the state court of facts which, if true, would have given it jurisdiction. *Thompson* v. *Whitman*, 18 Wall. 457; *Mechanical Appliance Co.* v. *Castleman*, 215 U. S. 437.

Returns of officers of service of process may be impeached. *Hauswurth* v. *Sullivan*, 6 Montana, 203; *Smith* v. *Movill*, 11 Colo. App. 284; *McClurg* v. *Whorter*, 47 W. Va. 150; *Campbell* v. *Warderect*, 50 Nebraska, 282; *Murres* v. *Security Co.*, 131 Indiana, 37; *Johnson* v. *Gregory*, 4 Washington, 111; *Wabash Ry. Co.* v. *Brow*, 164 U. S. 271; *Mechanical Appliance Co.* v. *Castleman*, 215 U. S. 437.

A domestic judgment is open to jurisdictional inquiries. *Needham* v. *Thayer*, 147 Massachusetts, 536; *Nations* v. *Johnson*, 24 How. 195, 203; *Earle* v. *McVeigh*, 91 U. S. 507; *Starbuck* v. *Murray*, 5 Wend. 148; *Windsor* v. *McVeigh*, 93 U. S. 274; *Cooper* v. *Reynolds*, 10 Wall. 308; *Wonderly* v. *Lafayette Co.*, 150 Missouri, 635; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Hauswurth* v. *Sullivan*, 6 Montana, 203; *Johnson* v. *Gregory*, 4 Washington, 111.

Neither the finding nor the rulings of the state court should be permitted to prevent the determination of the right asserted under the Constitution and laws of the

United States. *St. Louis &c. Ry. Co.* v. *Arkansas,* 217 U. S. 136; *Kansas City Ry. Co.* v. *Albers Commission Co.,* 223 U. S. 573.

This court may examine the entire record including the evidence, if properly incorporated therein, to determine whether what purports to be a general finding of facts against one party necessarily involves the decision of questions of law bearing upon a Federal right claimed by such party in the state court. *Kansas City Ry. Co.* v. *Albers Commission Co.,* 223 U. S. 573; *Mackay* v. *Dillon,* 4 How. 421, 447; *Dower* v. *Richards,* 151 U. S. 658, 667; *Stanley* v. *Schwalby,* 162 U. S. 255, 274; *Schlemmer* v. *Buffalo R. & P. R. Co.,* 205 U. S. 1; *Louisville Gas Co.* v. *Citizens Gas Light Co.,* 115 U. S. 683, 697; *Huntington* v. *Attrill,* 146 U. S. 657, 683.

Parties interested in the premises who were not served with process, are not bound by a decree of foreclosure of a mortgage thereon, and may redeem from sale thereunder, the same as if no decree had been made. *Noyes* v. *Hall,* 97 U. S. 34; *Damron* v. *Overmeyer, Adm.,* 141 Indiana, 438; *Johnson* v. *Hosford,* 110 Indiana, 572.

The right of redemption is a favored right. *Russel* v. *Southard,* 12 How. 139; *Villa* v. *Rodriguez,* 12 Wall. 323; *Bigler* v. *Waller,* 14 Wall. 297; *Noyes* v. *Hall,* 97 U. S. 34; *Bryan* v. *Brasius,* 162 U. S. 415; *Romig* v. *Gillett,* 187 U. S. 111.

Equity may vacate or enjoin a judgment in an action of which defendant had no legal notice, the trial court assuming jurisdiction on the strength of a false return of service of process by the sheriff or other officer. *Willman* v. *Willman,* 57 Indiana, 50; *Martin* v. *Barney,* 20 Alabama, 369; *Ryan* v. *Boyd,* 33 Arkansas, 778; *Lapham* v. *Campbell,* 61 California, 296; *Du Bois* v. *Clarke,* 12 Colo. App. 220, *Cassidy* v. *Automatic Time Stamp Co.,* 185 Illinois, 431; *Wolf* v. *Shenandoah Nat'l Bank,* 84 Iowa, 138; *McNeill* v. *Edie,* 24 Kansas, 108; *Bramlett* v. *McVey,* 91 Kentucky,

151; *Hermandez* v. *James*, 23 La. Ann. 483; *Jones* v. *Commercial Bank*, 5 How. (Miss.) 43; *Hauswurth* v. *Sullivan*, 6 Montana, 203; *Mather* v. *Parsons*, 32 Hun (N. Y.), 338; *Huntington* v. *Cronter*, 33 Oregon, 408; *Miller* v. *Gorman*, 38 Pa. St. 309; *Dowell* v. *Goodwin*, 22 R. I. 287; *Ruff* v. *Elkin*, 40 So. Car. 69; *Ingle* v. *McCurry*, 1 Heisk. (Tenn.) 26; *State* v. *Dashiell*, 32 Tex. Civ. App. 454; *Wardsboro* v. *Whitingham*, 45 Vermont, 450; *Johnson* v. *Gregory*, 4 Washington, 109; *Johnson* v. *Coleman*, 23 Wisconsin, 452; *Dobbins* v. *McNamara*, 113 Indiana, 54.

Plaintiff in error has pursued her only remedy for relief under the facts of the case. *Bruer* v. *Osgood*, 154 Indiana, 375; *Emerick* v. *Miller*, 159 Indiana, 317, 328; *Walker* v. *Robbins*, 14 How. 584.

*Mr. Louis T. Michener*, with whom *Mr. Perry G. Michener* and *Mr. Peter Maier* were on the brief, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

The plaintiff in error, by complaint filed in the Superior Court of Vanderburgh County, State of Indiana, sought to vacate a judgment of foreclosure rendered by that court in a prior case and to be permitted to redeem the property therein involved and prays for other relief, and, judgment having been entered in favor of the defendant in error, which was affirmed by the Supreme Court of Indiana (172 Indiana, 140), this writ of error was sued out.

The facts, so far as pertinent to our review, are: The complaint, in the fourth paragraph, alleged that the plaintiff in error was the owner of certain property, subject to a mortgage foreclosed in a former suit; that she was a minor when the foreclosure proceedings were had; that she was not a resident of Vanderburgh County, where the action was brought, but was and had been for many years

a resident of Gibson County, and that she was not sum-
moned in such action, had no knowledge of its pendency,
and did not waive service or enter her appearance therein.
It was further alleged that the plaintiff in error was not
amenable to the jurisdiction of the sheriff of Vanderburgh
County, but that, although she was not served with proc-
ess, he made a false return of a pretended summons, by
which the court was wrongfully imposed upon, and, being
so advised, at the instance of attorneys for the predecessor
of defendant in error, the court appointed a guardian
*ad litem* for her, who answered in the suit, and that a
decree was rendered, her property sold and bid in by the
predecessor of the defendant in error. The demurrer of the
defendant in error to this paragraph thus construed was
sustained by the lower court and its decision affirmed by
the Supreme Court. Other paragraphs of the complaint
alleged fraud on the part of the predecessor of the defend-
ant in error and her attorneys. The lower court found
against this charge, and the Supreme Court, after stating
that there was legal evidence to support the finding, re-
fused to disturb it.

The record is meager of attempts to raise a Federal
question by reason of alleged violations of rights secured
by the Constitution of the United States, aptly set forth
and referred to in some proper way, and it is contended
by the defendant in error that the writ should be dismissed
for that reason. We find in the opinion of the Supreme
Court of Indiana a statement that "both parties have
treated this suit as one arising under the provisions of
the Fourteenth Amendment to the Federal Constitution,
and as presenting the question of due process of law and
rights guaranteed by article I, § 21, of the state con-
stitution," and the court, after making this statement,
takes up the various grounds of attack upon the original
decree for alleged fraudulent service or want of service
upon the minor defendant in the foreclosure proceedings

and disposes of them against the contention of the plaintiff in error. There is no repudiation of the position of both parties that questions were raised under the Fourteenth Amendment to the United States Constitution, and we think the court may be fairly taken to have regarded such questions as duly before it for consideration. Where a state court holds that a Federal question is made before it, according to its practice, and proceeds to determine it, this court will regard the question as duly made. *San Jose Land & Water Co.* v. *San Jose Ranch Co.,* 189 U. S. 177, 179–180; *Haire* v. *Rice,* 204 U. S. 291, 299; *Chambers* v. *Baltimore & Ohio R. R.,* 207 U. S. 142, 148; *Atchison, Topeka & Sante Fé Ry.* v. *Sowers,* 213 U. S. 55, 62.

In the opinion of the Supreme Court upon rehearing the charge that the service of process was fraudulently procured by the predecessor in title of the defendant in error or her attorneys was held to be foreclosed by the findings of the court below, and the Supreme Court held that the findings were supported by testimony in the record showing competent evidence to that end. It is urged that upon this writ of error this court should reëxamine the conclusions of fact just referred to and the rulings of the Supreme Court of Indiana in respect thereto. This court has repeatedly held that in cases coming to it from the Supreme Court of a State it accepts as binding the findings upon issues of fact duly made in that court. *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 86, 107; *Rankin* v. *Emigh,* 218 U. S. 27, 34; *Kerfoot* v. *Farmers' & Merchants' Bank,* 218 U. S. 281, 288. That principle is applicable here. The case does not come within the exceptional class of cases where what purports to be a finding of fact is not strictly such but is so involved with and dependent upon questions of law bearing upon the alleged Federal right as to be a decision of those questions rather than of a pure question of fact, or where there is that entire lack of evidence to

support the conclusion upon the Federal question that gives this court the right of review. *Kansas City Southern Ry. Co.* v. *Albers Commission Co.*, 223 U. S. 573, 591; *Creswill* v. *Knights of Pythias*, 225 U. S. 246, 261; *Southern Pacific Co.* v. *Schuyler*, 227 U. S. 601, 611; *Portland Ry. Co.* v. *Oregon R. R. Com'n*, 229 U. S. 397, 411–412.

The Supreme Court of Indiana stated the question upon the decision of which the Federal question of due process arises as follows:

"The question is then presented whether the allegations, that appellant was a minor, was not a resident of Vander- burgh county, was a resident of Gibson county, and had been for many years, that no summons was served on her, that she had no knowledge of the proceedings, did not waive service, nor did any one for her or in her behalf or with her consent, enter appearance for her, that she was not amenable to the jurisdiction of the sheriff of Vanderburgh county, that, notwithstanding that she was not served with process, the sheriff of Vanderburgh county made a false return of a summons, and the court was wrongfully imposed upon by such false return, and, being thus falsely advised at the instance of appellant's attorneys, [i. e., the attorneys for the predecessor of the defendant in error] appointed a guardian *ad litem* for her—constitute a charge of fraud. The return was regular on its face. The court had jurisdiction of the subject-matter, and apparently jurisdiction of the person of appellant. The false return was not procured by the fraud, collusion or imposition of the plaintiff or his [her] attorneys [in the foreclosure suit]. It is not alleged that either knew of the fact that there had been no service on appellant. The allegations practically present this question. If, without any fraud, or any act on the part of a party to an action or his attorney, a return is made by a sheriff showing service, regular on its face, without knowledge of the party that there was in fact no service, and no act is done

or thing said to mislead the sheriff, is it an imposition or fraud upon the court to present such summons and return and obtain a judgment upon it, and is it a charge of fraud or imposition upon the court to allege that the court was wrongfully imposed upon by such false return, and was thus falsely advised? The whole allegations must be taken together, and the scope and theory of the paragraph, as we construe it, is that the court was misled by a false return of the sheriff. The court had a right to rely and act upon the return. It imports verity to the court. The sheriff assumes the responsibility, in taking the office, of seeing to it that he does make the right service. *Nichols v. Nichols* (1884), 96 Indiana, 433; *State, ex rel.,* v. *Leach* (1858), 10 Indiana, 308; *State, ex rel.,* v. *Lines* (1853), 4 Indiana, 351.

"If this were not true, no litigant could ever know when his rights were adjudicated and set at rest, and, to the end that the party may be made whole, an action for a false return will lie. *Splahn* v. *Gillespie* (1874), 48 Indiana, 397; *Rowell* v. *Klein* (1873), 44 Indiana, 290.

"If it be said that the amount of bond a sheriff is required to give might not cover the damage in any or every case, it is sufficient to say that that is a legislative matter, and not a judicial one."

The question then is, does the ruling predicated upon the principles thus stated, made in the state court wherein the party has been duly heard, amount to a denial of due process of law within the meaning of the Federal Constitution?

This court has recognized the difficulty of satisfactorily defining in general terms which shall apply to all cases what is meant by the term "due process of law," and the desirability of judicial determination upon each case as the question arises. *Davidson* v. *New Orleans,* 96 U. S. 97. If the exercise of judicial power be such "as the settled maxims of law permit and sanction, and under such

safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs," there has been no deprivation of due process of law. Cooley on Constitutional Limitations (7th ed.), 506; *Leigh v. Green,* 193 U. S. 79, 87. And this court, speaking by Mr. Chief Justice Fuller, in *Leeper v. Texas,* 139 U. S. 462, 468, said: "Law in its regular course of administration through courts of justice is due process, and when secured by the law of the State the constitutional requirement is satisfied." This language was quoted with approval in *Iowa Central Ry. Co. v. Iowa,* 160 U. S. 389, 393.

In the present case the State has made provision for the service of process, and the original party in the foreclosure proceeding did all that the law required in the issue of and attempt to serve process; and, without fraud or collusion, the sheriff made a return to the court that service had been duly made. The duty of making such service and return by the law of the State is delegated to the sheriff, and, although contrary to the fact, in the absence of any attack upon it, the court was justified in acting upon such return as upon a true return. If the return is false the law of the State, as set forth by its Supreme Court, permitted a recovery against the sheriff upon his bond. We are of the opinion that this system of jurisprudence, with its provisions for safeguarding the rights of litigants, is due process of law. It may result, unfortunately, as is said to be the fact in this case, that the recovery upon the sheriff's bond will not be an adequate remedy, but statutes must be framed and laws administered so as to protect as far as may be all litigants and other persons who derive rights from the judgments of courts. So far as this record discloses the purchaser at the sheriff's sale had a right to rely upon the record, which imported verity as to the nature of the service upon the plaintiff in error. If this were not true, as the Supreme Court of

Indiana points out, there would be no protection to parties who have relied upon judicial proceedings importing verity, upon the faith of which rights have been adjudicated and value parted with.  In a case of this character the law must have in view, not only the rights of the defendant who has been a victim of a false return on the part of the sheriff, but of persons who have relied upon the regularity of the return of officials necessarily trusted by law with the responsibility of advising the court as to the performance of such duties as are here involved.  Were the law otherwise titles might be attacked many years after they were acquired, where the party had been guilty of no fraud and had acted upon the faith of judicial proceedings apparently perfect in every respect.

This has been the rule of law applied to a similar situation in the courts of other States.  *Gregory* v. *Ford,* 14 California, 138; *Stites* v. *Knapp,* Ga. Dec. 36, pt. 2; *Taylor* v. *Lewis,* 25 Kentucky, 400; *Gardner* v. *Jenkins,* 14 Maryland, 58; *Smoot* v. *Judd,* 184 Missouri, 508; *Johnson* v. *Jones,* 2 Nebraska, 126; *Wardsboro* v. *Whitingham,* 45 Vermont, 450; *Preston* v. *Kindrick,* 94 Virginia, 760.  And see in this connection *Walker* v. *Robbins,* 14 How. 584, 585; *Knox County* v. *Harshman,* 133 U. S. 152, 156.

Without the necessity of deciding more in the present case, it is enough to say that the decision of the Supreme Court of Indiana, made under the circumstances detailed, did not in our opinion deprive the plaintiff in error of due process of law within the meaning of the Fourteenth Amendment.

It follows that the judgment of the Supreme Court of Indiana should be affirmed.

*Judgment affirmed.*