*In re* MERRILL.

1. CONSTITUTIONAL LAW—PROBATE COURTS—LEGISLATIVE POWERS.
   Under section 13, art. 7, Const. Mich. 1909, the legislature is given plenary authority to prescribe the powers and duties of the probate courts and the judges thereof.

2. STATUTES—CONSTRUCTION.
   Where the wording of a statute is absolutely unambiguous, these is no room for construction.

3. CONSTITUTIONAL LAW — PROBATE COURTS — COMMITMENT — DUE PROCESS OF LAW—FEDERAL CONSTITUTION.
   Subdivision 2, section 13765, 3 Comp. Laws 1915, empowering probate judges to issue a warrant and imprison any person who shall refuse or neglect to comply with any order issued by said court, is not in contravention of the 14th Amendment to the Constitution of the United States; said orders being made only after due notice and hearing, it cannot be contended that it is not due process of law.

4. SAME — HABEAS CORPUS — IMPRISONMENT FOR DEBT — PROBATE COURTS—WARRANT.
   Where petitioner in habeas corpus proceedings wilfully refused to comply with an order of the probate court to pay over money coming into his hands as executor of an estate, and the warrant of commitment was issued under section 13765 to enforce said order, it was not an imprisonment for debt in contravention of section 20, art. 2, Const. Mich. 1909.

5. HABEAS CORPUS—STATUTES.
   The words of the statute (subdivision 2, § 13765, 3 Comp. Laws 1915) providing for the arrest and imprisonment of "any person" is broad enough to include executors, and petitioner's contention that the warrant of commitment is illegal and void because in violation of section 12819, 3 Comp. Laws 1915, cannot be sustained.

Habeas corpus proceedings by Herbert W. Merrill to obtain his release from the county jail of Saginaw county. Submitted January 29, 1918. (Calendar No. 28234.) Writ dismissed March 27, 1918.

*G. W. Davis* (*Frank A. Rockwith* and *Fred A. Baker,* of counsel), for petitioner.

*Weadock & Weadock,* for respondent.

BROOKE, J.   After full hearing in the probate court for Saginaw county upon matters there in dispute, petitioner and his coexecutors of the last will and testament of William Merrill, deceased, were by an order entered on the 5th day of February, 1915, ordered to pay over to Eric S. Wessborg, as executor of the last will and testament of Alice E. Merrill Wessborg, all dividends collected by him on 41½ shares of the capital stock of Mitts & Merrill amounting on January 1, 1915, to the sum of $3,652.

An appeal from said order to the circuit court for the county of Saginaw was perfected by petitioner, where, after a full hearing, the same was affirmed. From said judgment of affirmance an appeal was taken to this court, where it was again affirmed. *Wessborg* v. *Merrill,* 195 Mich. 556.   After the affirmance of said order in this court remittiturs from this court and the circuit court were duly filed in the probate court and on June 12, 1917, a demand was made upon petitioner and his coexecutors that they comply with said order of February 5, 1915.   Petitioner and his surviving coexecutor, Eudora B. Merrill, refused and neglected to comply with said order or any part thereof, whereupon, and on the 15th day of June, 1917, a warrant for the arrest of petitioner was issued by the probate judge, under subdivision 2, of section 13765, 3 Comp. Laws 1915.   This section reads as follows:

"SEC. 2.   Each judge of probate shall have power:
"1. To administer all oaths necessary in the transaction of business before the probate court, and all oaths required by law to be administered to persons executing trusts under the appointment of such court;
"2. To issue all warrants and processes in conformity to the rules of law, which may be necessary to com-

pel the attendance of witnesses residing in any part of this State, or to carry into effect any order, sentence or decree of the probate courts, or the powers granted them by law, and to issue warrants directed to any sheriff, constable or other proper officer in this State, requiring him to apprehend and imprison any person who shall refuse or neglect to perform any order, sentence or decree of a probate court, requiring such officer to apprehend and imprison such person in the common jail of the county, until he shall perform such orders, sentence or decree, or be delivered by due course of law; and all such officers shall serve and execute all legal warrants and processes to them directed by any judge of probate;

"3. To keep order in his court, and to punish any contempt of his authority, in like manner as such contempt may be punished in the circuit court;

"4. And shall have such other powers as may be conferred by law."

Petitioner thereupon instituted habeas corpus proceedings in the circuit court for the county of Saginaw, where a hearing was had upon pleadings and proofs, after which the learned circuit judge dismissed said writ, holding that the warrant under which petitioner was detained was valid and his arrest and commitment legal. Application was thereafter made to this court for a writ of certiorari to review the decision of the circuit court holding said warrant valid and commitment legal, which application was denied. Later, and on October 2, 1917, petitioner filed a bill in chancery to restrain the enforcement of said warrant. This injunction was denied. Thereupon petitioner caused to be issued a writ of habeas corpus from the United States court for the eastern district of Michigan, northern division, where, after argument, the writ was dismissed. Application was then made by petitioner to the circuit judge for Saginaw county for a writ of error to the Supreme Court of the United States, which was allowed, but, pending the hearing upon said writ, bail was refused by said circuit judge

on the ground that the imprisonment of petitioner was valid. Petitioner thereupon applied to this court for a writ of habeas corpus, which, out of an abundance of caution and because a citizen was restrained of his liberty, this court allowed, and, pending the determination upon said writ, petitioner was enlarged upon bail in the sum of $20,000. All the antecedent proceedings, which are very voluminous, are now before us, but the issue is a very narrow one.

Assuming, though not determining, that the issuance of the writ was proper at a time when the identical question was pending in the United States Supreme Court upon a writ of error to the circuit court for the county of Saginaw, we come to the basic question involved which is the constitutionality of the act, Subd. 2, § 13765, 3 Comp. Laws 1915.

The first contention of the petitioner is that the issuance of the warrant by virtue of this section and his imprisonment thereunder is unlawful and void as a contravention of section 20, of article 2, of the Constitution of 1909, which provides:

"No person shall be imprisoned for debt arising out of, or founded on a contract, express or implied, except in cases of fraud or breach of trust, or of moneys collected by public officers or in any professional employment. No person shall be imprisoned for military fine in time of peace."

Under this head it is argued that the order of the probate court of February 5, 1915, is, in substance, against the estate of William Merrill, and that, insofar as it mentions the executors of his estate, it refers to them *de bonis testatoris* and not *debonis propriis*, and hence, as a judgment or decree for the payment of money, it is not enforceable against the petitioner or his coexecutor. It is further argued that the money (referred to in the order), was paid to the estate of William Merrill, which, by the decisions of the courts

respecting the same, it had the right to receive. It was therefore founded on contract express or implied within the meaning of section 20, art. 2, of the Constitution. Attention of the court is directed to the case of *In re Bingham*, 32 Vt. 329, where a similar statute was under consideration and where the court held that the proceeding was irregular and void.

Our Constitution, section 13, art. 7, provides:

"In each county organized for judicial purposes, there shall be a probate court. The jurisdiction, powers and duties of such courts and of the judges thereof shall be prescribed by law, and they shall also have original jurisdiction in all cases of juvenile delinquents and dependents."

It will be noted that by this section the legislature is given plenary authority to prescribe the powers and duties of the probate courts and the judges thereof. In the exercise of this power, the legislature in its wisdom saw fit to enact the law in question. The wording of the act is absolutely unambiguous, and where such is the case there is no room for construction. *MacQueen v. City Commission of City of Port Huron*, 194 Mich. 328. By its terms the judge of probate is granted power:

"To issue warrants * * * * to apprehend and imprison any person who shall refuse or neglect to perform *any* order, sentence or decree of a probate court * * * until he shall perform such orders, sentence, or decree or be delivered by due course of law."

The statute confers the authority to issue the warrant upon the judge of probate and does not require its issuance by the probate court. It does not prescribe that notice shall be given before the warrant shall issue or that an order to show cause why it shall not issue shall be made before issuance. Its sole purpose is to enforce performance of the orders, sentences and decrees of the probate court which under our practice are made only after notice and hearing. There is

therefore no force in the objection of the petitioner that said warrant was issued without an order to show cause or a preliminary hearing. Petitioner was well advised of every step in the proceedings antecedent to the issuance of said warrant. He contested the making of the order, requiring the payment of the trust fund, in the probate court, in the circuit court, and in this court, and after the remittiturs were filed in the probate court, a demand was made upon him to comply with said order. This he refused to do in wilful defiance of the law as it had been established after the most exhaustive examination in the court of last resort in this State. In the light of the history of this litigation, the contention of the petitioner that the statute and the proceedings had thereunder do not afford petitioner equal protection of the law and is not due process of law within the fourteenth amendment to the Constitution of the United States, is untenable. Cooley on Constitutional limitations (7th Ed.), p. 496. *Miedreich* v. *Lauenstein,* 232 U. S. 236.

The imprisonment of the petitioner under the section in question is not imprisonment for debt within section 20, article 2, neither is it imprisonment as for contempt which is provided for in another subdivision of the same section. It was provided as a summary and effective method of enforcing the orders of the court and is applicable to interlocutory as well as to final orders and decrees. The further contention is made that the warrant of commitment is illegal and void because issued in direct violation of section 12819, 3 Comp. Laws 1915, which provides:

"But such execution shall not issue against the body, nor against the goods and chattels, lands and tenements of any executor, administrator, heir, devisee or legatee, unless in those cases specially provided by law,"

and it is asserted that the only cases specially pro-

vided by law are such as arise in partition proceedings in the probate court. Section 13933, 3 Comp. Laws 1915. We cannot agree with this contention. The section under consideration is the law and provides by its terms for the arrest and imprisonment of "any person who shall refuse or neglect to perform, etc." The words, "any person," certainly include executors, administrators, heirs, devisees or legatees.

It may be said that the history of the litigation giving rise to the present inquiry is such as to afford a rather unusual commentary on the wisdom of the provision.

The writ is dismissed and the petitioner is remanded to the custody of the respondent, the sheriff of Saginaw county.

BIRD, MOORE, STEERE, FELLOWS, and STONE, JJ., concurred. OSTRANDER, C. J., and KUHN, J., did not sit.