GORDON *v.* CITY OF INDIANAPOLIS.

[No. 25,165. Filed November 17, 1932.]

*Alvah J. Rucker,* for appellant.

*John K. Ruckelshaus* and *Matson, Carter, Ross & Mc-Cord,* for appellee.

MYERS, J.—This case originated in the City Court of Indianapolis. On appeal to the circuit court appellant's motion to quash, and his demurrer to the complaint charging a violation of Ordinance No. 124, were each overruled. He refused to plead further and a fine of $1.00 and costs was assessed against him. On appeal

to this court he assigns as error the overruling of his demurrer.

Appellee's complaint, after referring to Ordinance No. 124, charges appellant with unlawfully "selling, disposing of and offering for sale in said city at public auction, gold, silver, plated ware, precious stones, watches, clocks, and jewelry of the stock on hand, of a person, that had for the period of one year next preceding such sale been continuously in business in said city as a merchant of said articles, for more than 30 days in all, within the period of one year. Whereof, etc."

That part of the ordinance said to be violated reads as follows:

"Section 1. That it shall be unlawful for any person, firm, or corporation to sell, dispose of, or offer for sale, in the City of Indianapolis, at public auction, or to cause or permit to be sold, disposed of, or offered for sale, in the City of Indianapolis, at public auction, any gold, silver, plated ware, precious stones, watches, clocks or jewelry, whether the same shall be their own property or whether they sell the same as agents or employees of others; Provided, however, that this section shall not apply to judicial sales or sales by executors or administrators nor to sales by or on behalf of licensed pawnbrokers of unredeemed pledges in manner provided by law, nor to the sale at public auction of the stock on hand of any person, firm or corporation that shall, for the period of one year next preceding such sale, have been continually in business in the City of Indianapolis as a retail or wholesale merchant of gold, silver, plated ware, precious stones, watches, clocks or jewelry; Provided, further, that such sale at public auction of the stock on hand of such merchant or merchants shall be held on successive days, Sunday, and legal holidays excepted, and shall not continue for more than thirty days in all within the period of one year."

Section 2 makes it unlawful for any person, firm or corporation to sell or offer to sell at public auction the

merchandise mentioned in section 1 during certain hours between evening and morning; and section 5 provides the penalty.

The city, for authority to enact the foregoing ordinance, points to Acts 1905, p. 246, §53, cl. 35; §10284 Burns 1926, cl. 35, which provides that the common council of every city shall have power to enact ordinances "to regulate the sale of all kinds of property at auction, in the streets, stores, shops or elsewhere in the city, and to license auctioneers." Appellant, to sustain his contention that the ordinance is unconstitutional and void, insists: (1) That the ordinance is unreasonable and beyond the power of the city council of the City of Indianapolis to enact; (2) that it is inhibited by Art. 1, §§21 and 23 of the Constitution of Indiana; and (3) that it contravenes the Fourteenth Amendment to the Constitution of the United States.

As we understand appellant, his first two propositions rest upon the meaning of the word "regulate" used in the statute. He insists that the ordinance in question, instead of regulating the sale of certain wares and jewelry at public auction, prohibits such sales at night and for eleven months in the year; that it is discriminatory, confiscatory and prohibitory in that it forbids, under penalty, the doing of a lawful business for more than thirty days in each year.

The word "regulate," strictly interpreted, is not synonymous with "prohibit," in that it implies the continued existence of the subject-matter to be regulated, but as it is used in the statute to which we have referred, and the law as generally declared by the courts, it may be defined as authority reasonably to control or restrain by invoking the conditions under which sales of property at auction may be made. *Duckwall et al.* v. *City of New Albany* (1865),

25 Ind. 283; *McPherson* v. *State* (1910), 174 Ind. 60, 90 N. E. 610.

All of the articles mentioned in the ordinance are legitimate items of merchandise, and the sale thereof is not prohibited in the usual course of trade, nor does the ordinance prohibit their sale by auction on compliance with certain regulations and limitations. It specifically excludes from its operation certain classes of sales, and places a thirty-day limit within the period of one year on auction sales of certain on-hand merchandise; but a transient stock of the character mentioned in the ordinance, or that of an itinerant merchant, when commerce between the states is not involved, is within the restrictive or prohibitive language of the ordinance. We are not, however, at present concerned with a transient stock or with an itinerant merchant. The state has granted to cities the power to legislate on certain subjects which include that which will promote public health, safety, morals, and general welfare. This "power relates not merely to public physical safety, but also to public financial safety." 43 C. J. 207, §206. Such legislation is sustained by what is known as the police power granted to cities by the state. *City of Goshen* v. *Kern* (1873), 63 Ind. 468.

The ordinance classifies certain wares and jewelry as a unit, and then imposes upon auctioneers certain regulations in the sale of these articles at auction. The classification of the articles to be sold is sufficiently definite and certain to advise any ordinary person of its inclusion. Cities, as well as the legislature, may make reasonable and proper classification of persons engaged in various business enterprises within its territorial limits, and such classification will have every presumption in its favor, and courts will not disturb it if a state of facts may be assumed to have existed

in its justification. *Sperry & Hutchinson Co.* v. *State* (1919), 188 Ind. 173, 122 N. E. 584. We must assume that, at the time of the adoption of the legislation with which we are confronted, conditions and reasons affecting public safety and public welfare were brought to the attention of the common council. To meet and correct the mischief found to exist, this ordinance was evidently adopted. It applies alike to all persons within the classification. While it forbids auction sales from a single stock of classified merchandise for more than thirty successive days, Sundays and legal holidays excepted, in any one year, yet it places no limit on the time an auctioneer may be employed as such in the sale of other like stocks.

As we are at present advised, the ordinance is not unreasonable or arbitrary, in that it discriminates against auctioneers in the sale of the articles in the ordinance described. Under this ordinance, every auction seller of the merchandise classified therein, including appellant, is subject to the same limitations and restraints. In *Holsman* v. *Thomas* (1925), 112 Ohio. St. 397, 406, 147 N. E. 750, it is said: ". . . there is a reason for this classification. The ordinance covers the sale at auction of jewelry, clocks, gold and silver plate, precious stones, and watches. There is a reason for rigid regulation of this business which does not exist with regard to other kinds of auctions. The public is unable to test the purity of the precious metals upon sight; the public is unskilled in the value of gold and silver and diamonds. Scientific tests are necessary to establish the purity of such articles, and the practices followed in selling them by auction, with the competition which results in the contest, may result in actual fraud upon the property rights of the citizens." To the same effect, see also *Mogul* v. *Gaither* (1923), 142 Md. 380, 121 Atl. 32; *State, ex rel. Cook* v. *Bates* (1907), 101 Minn. 301, 112

N. W. 67; *City of Roanoke* v. *Fisher* (1923), 137 Va. 75, 119 S. E. 259; *Davidson* v. *Phelps* (1926), 214 Ala. 236, 107 So. 86; *In re West* (1925), 75 Cal. App. 591, 598, 243 Pac. 55; *Biddles* v. *Enright* (1924), 239 N. Y. 354, 146 N. E. 625.

In the case last cited, a point in the syllabus fairly digests a conclusion of the court as follows:. ". . . insofar as it (city charter) prohibits sales of jewelry and similar merchandise in the night time by public auction, is not so arbitrary, such an unlawful interference with business, as to be unconstitutional. It is a reasonable effort to insure fair public sales, to prevent fraud and deception and to protect purchasers from the dangers lurking in the darkness of the night. Furthermore the business of an auctioneer has always been affected with a public interest and subject to legislative restriction." So in this state, since the taking effect of an act of the general assembly approved March 9, 1857, Acts 1857, p. 42, §35, cl. 40, cities have been authorized to regulate the sales of all kinds of property at auction and to license auctioneers.

In the Biddles case the court referred to *People* v. *Gibbs* (1915), 186 Mich. 127, 152 N. W. 1053, and *Hayes* v. *City of Appleton* (1869), 24 Wis. 542, cited by appellant here, and refused to follow the principle announced in those cases. The Michigan and Wisconsin cases, however, recognize the doctrine that courts cannot inquire into the motive of the legislature in enacting police regulations, nor of a city council having legislative authority so to do, but when either legislative body does act to regulate a lawful business or trade, evidence is admissible to show local conditions that render such enactments proper and not unduly oppressive upon individuals. See also, *Milwaukee* v. *Meyer* (1929), 198 Wis. 411, 224 N. W. 106.

While the business of an auctioneer is a lawful occu-

pation and is not subject to arbitrary interference, yet a reasonable regulation of such business by cities, sanctioned by the state, will be presumed valid unless upon its face the contrary appears. This is upon the principle of safeguarding customers against fraud, a matter of general public welfare. *Robinson* v. *Wood* (1922), 119 Misc. Rep. 299, 196 N. Y. S. 209.

The record in the instant case brings to our attention the statute for the incorporation of cities, the power of cities to regulate the sale of all kinds of property at auction, the passage of the ordinance by the city's legislative body, the alleged violation thereof by appellant, the demurrer admitting the facts stated in the complaint to be true, and the action of the court in overruling it. The reasoning supporting the conclusions reached in the decisions above cited affirm a rule which should govern the present case, that is to say, where a city acts upon grant of legislative power, such legislation will be presumed to be within its authority to pass, and one charged with a violation thereof, defending on the ground that such ordinance is invalid, is required to bring the matter of such invalidity forward by way of defense. *City of Frankfort* v. *Aughe* (1888), 114 Ind. 77, 15 N. E. 802; *City of Elkhart* v. *Calvert* (1890), 126 Ind. 6, 25 N. E. 807.

Appellant predicates his claim of protection in the unlimited conduct of his business upon the Fourteenth Amendment to our Federal Constitution. In that respect, it is sufficient to say the state not only has the right to exercise police power, but may vest cities with such power. The exercise of this power by the state or by cities in the classification of persons or businesses must apply equally to all persons and businesses similarly situated, as to privileges conferred, liabilities imposed and the equal protection of the

laws. *Field* v. *Barber Asphalt Co.* (1904), 194 U. S. 618, 24 S. Ct. Rep. 784; *Meidreich* v. *Lauenstein* (1914), 232 U. S. 236, 245, 34 S. Ct. Rep. 309; *Leeper* v. *Texas* (1891), 139 U. S. 462, 11 S. Ct. Rep. 577; *United States* v. *Armstrong* (1920), 265 Fed. 683.

The facts disclosed by the record at bar cannot be construed as singling out appellant from others engaged in the same occupation, or withholding privileges enjoyed by others similarly situated, or as not affording him full protection of the law, and hence it follows that the state's authorization to cities to pass regulatory legislation is not violative of the Fourteenth Amendment.

Judgment affirmed.