RAINEY *v.* CITY OF INDIANAPOLIS

[No. 28,191. Filed September 25, 1946. Rehearing Denied October 31, 1946.]

*George S. Rainey,* of Indianapolis, for appellant.

*Arch N. Bobbitt,* Corporation Counsel, and *Henry B. Krug,* City Attorney, both of Indianapolis, for appellee.

YOUNG, J.—A complaint was filed in the Municipal Court of Marion County in which, after amendment, it was alleged that appellant, in violation of General Ordinance 49, 1943, of the City of Indianapolis, parked his automobile on the southeast side of Massachusetts Avenue at a time and place prohibited by said ordinance, and judgment for $300.00 and imprisonment for 180 days, the maximum penalty named in said ordinance, was prayed in said complaint. Appellant demurred for want of facts and his demurrer was overruled. He thereupon entered a plea of not guilty, but was convicted by the court and fined $2.00 and costs and the costs were suspended. Thereupon appellant appealed to the Marion Circuit Court and renewed his demurrer. The demurrer again was overruled and evidence was heard, including certified copies of the ordinances involved and the facts concerning his appearance before the traffic violation bureau. Appellant again was found guilty and fined $10.00 and costs, from which judgment this appeal has been taken.

No motion for a new trial was filed and the only error assigned in this court is the overruling of the demurrer to the complaint, which is based upon the alleged unconstitutionality of the ordinance violated as supplemented by the ordinance creating a traffic violation bureau.

This court does not take judicial notice of city ordinances. *Indianapolis Traction, etc., Co.* v. *Hensley* (1917), 186 Ind. 479, 487, 115 N. E. 934; *Clevenger* v. *Town of Rushville* (1883), 90 Ind. 258.

It is not necessary that a city suing for a penalty imposed by an ordinance shall file with or attach to the complaint a copy of the ordinance, or the sections there-

of, violated. . §§ 48-401, 402 Burns' 1933. *The City of Frankfort* v. *Aughe* (1887), 114 Ind. 77, 79, 15 N. E. 802. It did not do so in this case and the ordinances, therefore, were not brought before the court by the demurrer. There was nothing in the complaint to which the demurrer was directed to disclose the substance or effect of the ordinances under attack. If the defendant thought the ordinance he admits violating was invalid the duty and burden was upon him to bring the question of its validity forward by way of defense. *The City of Frankfort* v. *Aughe, supra; Gordon* v. *City of Indianapolis* (1932), 204 Ind. 79, 86, 183 N. E. 124. See also: *City of Elkhart* v. *Calvert* (1890), 126 Ind. 6, 7, 25 N. E. 807. Neither ordinance involved had, at the time of the ruling on the demurrer to the complaint, been brought before the court and, therefore, in ruling upon the demurrer to the complaint the court did not have before it either of these ordinances and the validity of neither was before the court.

As the matter is presented to us only on the demurrer, we can look only to the allegations of the complaint, which, we think, are sufficient. It alleges acts constituting violation of the ordinance, and does not show any of the grounds upon which the claim of invalidity of the ordinance is predicated.

The judgment is affirmed.

NOTE.—Report in 68 N. E. (2d) 545.