BENNETT *v.* BOARD OF ZONING APPEALS OF MADISON
ET AL.

[No. 30,456. Filed June 5, 1964. Rehearing denied
September 17, 1964.]

*Charles W. Cooper* and *Cooper, Cooper, Cooper &
Cox,* of Madison, for appellant.

*John Ready O'Connor,* of Madison, for appellees.

JACKSON, J.—This is an appeal from the decision of
the Jefferson Circuit Court overruling appellant's mo-
tion for a new trial.

The factual situation in the case at bar is as follows:
In June, 1962, appellant made application for a variance
to the classification as RC of a half lot owned by him
in the City of Madison, Jefferson County, Indiana,
such classification being set forth in an attempted
amendment to the ordinance adopted by the council
on December 5, 1961. The application seeks to have
said lot removed from the classification R-2 and re-
zoned commercially so as to permit him to remove

the structures on the lot, and to permit the erection of an office building with a parking lot on said property.

Such application, after hearing, was denied, and appellant, within the statutory period, filed his Petition for Writ of Certiorari in the Jefferson Circuit Court. Prior to the filing of the Verified Return and Answer certain of the appellees filed a Motion to Dismiss and thereafter filed a Demurrer for insufficiency of facts, both of which were overruled.

The issues were closed with the filing of appellees' return submitting all necessary transcript, orders, entries, papers, and appellees' Answer in General Denial of the allegations of appellant's petition for Writ of Certiorari.

Trial was had to the court, resulting in a finding and judgment reading in pertinent part as follows:

"Come now the parties by their attorneys and the Court having heretofore heard the evidence in this case and having taken under advisement its ruling in said case, and the Court having considered the evidence on petitioner's Verified Petition for Writ of Certiorari and the return thereto, now finds against the petitioner upon the grounds alleged in this petition and that the decision of the Board of Zoning Appeals of the City of Madison is not illegal.

"It is, therefore, ordered and adjudged by the Court that the decision of the Board of Zoning Appeals of the City of Madison, Indiana, be and the same is hereby declared legal and proper and according to law, and the same is approved and affirmed by the court. The petitioner shall pay the costs hereof."

Thereafter appellant filed his motion for a new trial assigning as grounds therefor that:

"1. The decision of the Court is not sustained by sufficient evidence and is contrary to law."

Appellant's Assignment of Errors is the single specification that "[t]he Court erred in overruling Appellant's Motion for a New Trial."

In view of the state of the record herein, and the determination we must make as a result thereof, we deem it unnecessary to set out the evidence herein for the reason that appellee has properly saved and raised the question that appellant failed to introduce any copy of the zoning ordinance and master plan of the City of Madison as contained in appropriate maps, etc. Appellees contend that under these circumstances there is not sufficient evidence in the record to reverse the judgment of the trial court. *Rainey* v. *City of Indianapolis* (1946), 224 Ind. 506, 68 N. E. 2d 545.

The ordinance and master plan not being in evidence, we are unable to determine whether or not the trial court was or was not in error in arriving at the finding and judgment appealed from.

The Supreme Court will not search the record for reasons to reverse the decision of the trial court. *Wabash Township* v. *Cooper* (1943), 221 Ind. 304, 47 N. E. 2d 611.

Judgment affirmed.

Myers, J., concurs; Achor, C. J., and Arterburn, J., concur in result. Landis, J., dissents.

NOTE.—Reported in 198 N. E. 2d 871.