302     SUPREME COURT OF WISCONSIN.     [Nov.

Wisconsin Asso. of Master Bakers v. Milwaukee, 191 Wis. 302.

WISCONSIN ASSOCIATION OF MASTER BAKERS and others,
Appellants, vs. CITY OF MILWAUKEE and another,
Respondents.

*October 13—November 9, 1926.*

*Municipal corporations: Ordinance of city of Milwaukee providing
for licensing bakeries: Validity.*

1. A municipality has only such power as is expressly or impliedly
   conferred upon or delegated to it by the legislature.  p. 303.
2. Provisions in the city charter authorizing the city of Milwau-
   kee "to regulate the sale of bread within said city and pre-
   scribe the size and weight of bread in the loaf, and the quality
   of the same," and "to regulate butchers, and to regulate . . .
   the sale of game, poultry, . . . and other provisions," are
   *held* not to authorize an ordinance requiring the licensing of
   bakeries, in view of the general law of the state with refer-
   ence to the licensing of bakeries and the history of such legis-
   lation.  p. 303.
3. Where the state law provides for the licensing of bakeries, the
   power of a city to exact an additional license should appear
   by clear and express provision.  p. 303.
4. Where the city health commissioner has all the powers of in-
   spection of bakeries under the state law that were provided
   in the ordinance and the imposition of an additional license
   fee by the city was not warranted by law, no necessity for a
   municipal license appears.  p. 304.

APPEAL from orders of the circuit court for Milwaukee
county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Schmitz, Wild &
Gross* of Milwaukee, and oral argument by *Edwin J. Gross*
and *Robert Wild.*

For the respondents there was a brief by *John M. Niven,*
city attorney, and *Elmer H. Groth,* assistant city attorney,
and oral argument by *Mr. Groth.*

OWEN, J.  An ordinance of the city of *Milwaukee* pro-
vides that no person, association, or corporation shall man-

ufacture, offer for sale, or sell food as designated in the ordinance without a license. This action is brought by the *Wisconsin Association of Master Bakers,* and by a number of individuals engaged in the business of conducting bakeries in the city of *Milwaukee,* to restrain the enforcement of this ordinance. From an order sustaining a demurrer to the complaint and dissolving a temporary restraining order plaintiffs appeal.

Numerous objections are made to the validity of the ordinance, first of which is that the city is without power to require a license of those engaged in the business of conducting bakeries. It is fundamental, of course, that a municipality has only such power as is expressly or impliedly conferred upon or delegated to it by the legislature. It is admitted that no provision of its charter expressly authorizes the city to license, or to exact a license fee from, those engaged in the business of conducting bakeries. A number of provisions of the city charter are referred to under which it is claimed such power is conferred. Among such provisions is one "to regulate butchers, and to regulate and restrain the sale of game, poultry, fresh meat, vegetables, fish, butter, fruit, eggs, milk and other provisions in the city;" another, "to regulate the sale of bread within said city, and prescribe the size and weight of bread in the loaf, and the quality of the same." It would require most liberal construction indeed to spell out of any of these provisions power on the part of the city to enact an ordinance requiring those engaged in the business of conducting bakeries to take out a license. In view of the general law providing for licensing of bakeries by the state, the power of a city located within the state to exact an additional license should appear by clear and express provision. The history of the regulation of bakeries within the state makes it clear that such power was deliberately withheld from all cities of the state.

Ch. 230, Laws of 1903, provided quite comprehensively for the sanitary regulation of bakeries and confectionery establishments. By sec. 6 thereof it was provided that "In cities of five thousand inhabitants or over the common councils thereof may, for the more perfect enforcement of the provisions of this act, provide by ordinance for the issuing of licenses to the owners or managers of bakeries and other establishments for the manufacture or sale of bread and other food products, provided, however, that the license fee to be required shall not exceed one dollar for any single establishment per annum." By ch. 486, Laws of 1907, ch. 230, Laws of 1903, was amended in many particulars, and the provision above quoted authorizing cities of over 5,000 inhabitants to license the owners or managers of bakeries was expressly stricken out, and there was inserted in lieu thereof the following:

"No building, room or apartment shall be used for the purpose of establishing a bakery or confectionery establishment for the manufacture of bread and other food products, unless a license is secured as provided in this act. Application for a license shall be made to the commissioner of labor and industrial statistics by any person, firm or corporation desiring to establish or conduct a bakery or confectionery for the manufacture of bread and other food products."

This provision now appears in sec. 98.27, Stats., the only change being that the license shall now be issued by the dairy and food commissioner. It will thus be seen that when the legislature provided for the issuance of such licenses by the state it expressly repealed the authority theretofore granted to cities to issue such licenses. In view of this legislation, the power of cities to require an additional license cannot rest in implication and should not be accorded by construction. Furthermore, no necessity for a municipal license ap-

pears. An examination of secs. 98.16 to 98.30, inclusive, Stats., all of which relate to the sanitary regulation of bakeries,. indicates that the health commissioner of the city of *Milwaukee* enjoys all the power of inspection under the state law that is accorded to him by this ordinance, and the imposition of an additional license fee upon the bakers of *Milwaukee* is a burden not warranted by law, but would seem to be most unnecessary and unreasonable in fact. It follows that the demurrer to the complaint was improperly sustained and the restraining order erroneously dissolved. Both orders must be reversed.

*By the Court.*—So ordered.