CITY OF MILWAUKEE, Respondent, vs. CHILDS COMPANY, Appellant.

*January 13—February 7, 1928.*

*Food: Municipal ordinance regulating sale of milk in sealed containers: Reasonableness and validity: Evidence: Sufficiency.*

1. Under the Milwaukee city charter, ch. IV, sec. 3, and particularly sub. 9, 23, and 40, the common council of such city has power to pass reasonable ordinances relating to the sale of milk within the city limits.  p. 150.
2. An ordinance of the city of Milwaukee relative to the sale of milk within the city limits, which is construed as prohibiting merely the sale of milk for beverage purposes except as therein prescribed, is *held* not unreasonable.  p. 150.
3. The state law regulating restaurants does not deprive the city of the power to regulate the sale of milk within the city limits, since the state law deals in a general way with the broad subject of restaurants; and the fact that neither the state law, nor the regulations of the state board of health enacted pursuant thereto, attempt to prescribe regulations for the sale of milk, does not deprive the city of the power expressly granted to it to regulate such sale within the city limits.  p. 151.
4. Municipalities may enact ordinances in the same field and on the same subject covered by state legislation where such ordinances do not conflict with, but rather complement, the state legislation.  p. 151.
5. The defendant cannot justify its noncompliance with the pro-

visions of the ordinance by asserting that its method of handling milk was just as sanitary as that prescribed; and the evidence is *held* sufficient to sustain a finding that the ordinance was violated. p. 152.

APPEAL from a judgment of the municipal court of Milwaukee county: GEORGE A. SHAUGHNESSY, Judge. *Affirmed.*

The defendant *Childs Company* was prosecuted for violating an ordinance of the city of *Milwaukee* relating to the sale of milk. From a judgment of conviction it brings this appeal.

For the appellant there was a brief by *Edgar L. Wood,* and oral argument by *John C. Warner,* both of Milwaukee.

For the respondent there was a brief by *John M. Niven,* city attorney, and *Andrew W. Brunhart,* assistant city attorney, and oral argument by *Mr. Brunhart.*

OWEN, J.    Sec. 789.1 of the ordinances of the city of *Milwaukee* provides:

"It shall be unlawful for any person, within the limits of the city of Milwaukee, to sell milk in any way whatsoever for consumption on the premises where sold, excepting in original containers well capped or sealed, served intact in such container or opened in the presence of the person served, and containing only the quantity of milk intended for use of the person served, and all milk so served shall, in every instance, be bottled either at a dairy or milk plant."

The defendant operates a restaurant in the city of *Milwaukee.* He was convicted of serving milk to a patron of said restaurant in violation of the terms of this ordinance. He contends that the ordinance is void for the following reasons: (1) The state has delegated the control of restaurants to the state board of health, and its power is exclusive; (2) the state cannot delegate, and has not delegated, the power to control restaurants to the city of *Milwaukee;* (3) the ordinance was not adopted as a charter ordinance,

and hence ch. 160 of the Wisconsin Statutes remains in full force, and superior to this ordinance; (4) even assuming that the city has the power to adopt this ordinance, it is unreasonably exercised in this ordinance, which is so vague, arbitrary, and unreasonable as to be unenforceable; (5) the ordinance was not violated as a matter of fact; and (6) the regulation violates appellant's constitutional guaranties, and hence cannot be a valid enactment of either the state or the city.

The charter of the city of *Milwaukee* confers upon the common council of that city abundant power to pass reasonable ordinances relating to the sale of milk. Such power is to be found in sec. 3 of ch. IV of the city charter. For instance, sub. 9 confers upon the common council power "To regulate butchers, and to regulate and restrain the sale of game, poultry, fresh meat, vegetables, fish, butter, fruit, eggs, milk and other provisions in the city." By sub. 23 of that section the common council is authorized "to do all acts and make all regulations which may be necessary and expedient for the preservation of health and the suppression of disease;" and by sub. 40, "to tax, license, regulate and restrain hawkers, peddlers and venders of milk."

The ordinance, if reasonable, is well within the power of the city to enact. Properly construed, the ordinance is a reasonable regulation. The language of the ordinance would authorize a very sweeping construction,—a construction which would make it impossible to serve any article of food of which milk was the dominant element: such as milk toast, an oyster stew, or milk to be used in tea or coffee, or upon pudding or fruits, or breakfast foods. To give the ordinance such a construction would make the reasonableness thereof very doubtful, and we are disposed to construe it as prohibiting merely the sale of milk for beverage purposes except as therein prescribed. As so construed, the regulation is not unreasonable. It is a matter of common

knowledge that milk is a prolific source of disease and that it is easily contaminated. Every regulation relating to the handling of milk which minimizes the opportunity for contamination is promotive of the health of the community. The regulation provided by the ordinance in question certainly has that effect.

The state law regulating restaurants does not deprive the city of *Milwaukee* of the power to regulate the sale of milk. The sale of milk is not confined to restaurants. The ordinance regulates the sale of milk whether the sale takes place within a restaurant or elsewhere. The state law regulating restaurants deals in a general way with the broad subject of restaurants. The fact that neither the state law, nor the regulations of the state board of health enacted pursuant thereto, attempt to prescribe regulations for the sale of milk, cannot deprive the city of the power expressly granted to it. The case of *Wisconsin Association of Master Bakers v. Milwaukee,* 191 Wis. 302, 210 N. W. 707, relied upon by the appellant, has no bearing upon the question before us. In that case it was pointed out that the power formerly conferred upon cities to regulate bakeries had been subsequently expressly withdrawn. Such is not the case here. Furthermore, even though some state law did regulate the sale of milk, it is well settled that municipalities may enact ordinances in the same field and on the same subject covered by state legislation where such ordinances do not conflict with, but rather complement, the state legislation. *Oshkosh v. Campbell,* 151 Wis. 567, 139 N. W. 316; *Milwaukee v. Ruplinger,* 155 Wis. 391, 145 N. W. 42; *Brittingham & Hixon L. Co. v. Sparta,* 157 Wis. 345, 147 N. W. 635.

The contention that the ordinance denies due process of law and deprives defendant of property without compensation is not of sufficient substance to require discussion. The police power of the state with reference to such matters is too well settled to justify extended treatment here. *Lowe*

*v. Conroy,* 120 Wis. 151, 97 N. W. 942; *Adams v. Milwaukee,* 144 Wis. 371, 129 N. W. 518.

Neither is there any room for the claim that the ordinance was not violated as a matter of fact. The evidence shows that the milk served was dipped from a larger container in the kitchen and carried to the patron. It may be that the defendant handled the milk served in its restaurant in a highly sanitary manner, but that constitutes no defense. Because milk is customarily handled in a manner which affords opportunity for contamination, the municipality is justified in prescribing regulations for the handling of milk in a manner which shall avoid opportunity for such contamination. Such regulations when so prescribed must be observed by those dealing in milk. The dealer cannot justify noncompliance with such regulations by asserting that his method of handling milk was just as sanitary as the regulations prescribed by the municipality. It is possible that if all dealers handled milk as defendant did, there would be no necessity for the ordinance. But the fact that many dealers do not observe sanitary methods in handling milk makes such regulations necessary or proper. When such regulations are prescribed, they must be observed by all, by the considerate as well as by the inconsiderate dealer.

*By the Court.*—Judgment affirmed.