CITY OF MILWAUKEE, Appellant, vs. MEYER, Respondent.

*February 8—March 5, 1929.*

412

For the appellant there was a brief by *John M. Niven,* city attorney, and *Joseph L. Bednarek,* assistant city attorney, and oral argument by *Mr. Bednarek.*

For the respondent there was a brief by *Stern & Hersh,* and oral argument by *W. A. Bowman,* all of Milwaukee.

ESCHWEILER, J. The trial court was right in discharging the defendant upon the grounds upon which it is conceded he did, viz. that the alleged ordinance under which this prosecution was instituted was void for the reason that its attempted enactment was beyond any legislative power or authority resting in the common council of Milwaukee.

No claim is made on behalf of the appellant city that there is any express language in the appellant's charter, or in any statute, directly conferring the power attempted to be exercised by such ordinance of compelling a prior license of dealers in such inherently harmless commodities as are within its terms and the present charge against defendant. The commodities expressly mentioned in the ordinance quoted *supra,* as well as many other commodities such as lemonade, for instance, that might well come within its scope if the ordinance were valid, are concededly, all of them, outside of the definition of non-intoxicating liquor as fixed by the state prohibition law (ch. 165, Stats.) and for the sale of which a license is required by state authorities, and therefore far outside the class of liquids the control over the sale of which has been assumed by the state legislature under said ch. 165.

The express power given by the city charter to enact and enforce proper regulations in the many instances specified in sub. (1), sec. 3, ch. IV, Milwaukee City Charter, granting the power to regulate groceries, saloons, and other places where spirituous, vinous, or fermented liquors are sold or given away, cannot be so extended as to authorize the enactment here questioned, nor can it come under the general welfare clause of sec. 3 of the same chapter IV of the city charter granting authority and power to pass ordinances for the government and good order of the city, for the benefit of the trade, commerce, and health thereof, for the suppression of vice, for the prevention of crime, etc.

It is argued that the aim and purpose of this ordinance is to enforce and render effective the Eighteenth amendment to

the United States constitution and the national and state laws passed pursuant to such amendment; but wide and far-reaching in scope as may be legislative regulation in aid thereof, we can find no support for the city's contention that there is some relation, by the ordinance in question, to the ends and purposes sought to be accomplished by such prohibition laws.

The court must be able to see some reasonable connection between the method proposed by such an ordinance and its proper avowed or detectable ends in order to support such a measure when challenged as here. That there must be an express grant of some sort of legislative power to a common council, within a reasonable construction of which grant the attempted exercise can be brought, is a condition precedent to its validity, is clear. *Wis. Asso. of Master Bakers v. Milwaukee,* 191 Wis. 302, 303, 210 N. W. 707; *Hickman v. Wellauer,* 169 Wis. 18, 24, 171 N. W. 635; *Le Feber v. West Allis,* 119 Wis. 608, 613, 97 N. W. 203; *Stafford v. Chippewa Valley El. R. Co.* 110 Wis. 331, 351, 85 N. W. 1036. A like attempt as here was held futile for this same reason in *Kincaid v. Vecchi,* 332 Ill. 586, 164 N. E. 199.

Since the ordinance cannot be justified as a revenue producer for want of proper authority in the common council as above pointed out, neither can it be justified as an attempted exercise of the police power such as was upheld in *Milwaukee v. Childs Co.* 195 Wis. 148, 217 N. W. 703, where the ordinance involved required milk offered for sale to be in prescribed containers and was based, as there stated (p. 150), upon an express power granted to the common council to regulate the sale of milk and other provisions within the city, and which was clearly a measure aimed to better preserve the public health; while here the ordinance in effect amounts to a tax or charge upon persons desiring to carry on a legitimate business in a concededly harmless commodity. At an early day it was held that it was beyond

the ken of this court to conceive of any reason why the sale of such an innocent drink as lemonade, a drink which would as clearly come within the purview of this ordinance as does the soda water here involved, should be prohibited or restrained by village ordinance. *Barling v. West,* 29 Wis. 307, 317. Considered from this latter standpoint, it comes within the condemnation as found expressed in such decisions as *Barling v. West,* 29 Wis. 307, *supra; Hayes v. Appleton,* 24 Wis. 542, 545; *Tyson & Bro. v. Banton,* 273 U. S. 418, 47 Sup. Ct. 426.

Such an ordinance cannot be upheld by any express or implied declaration by a legislative body, like the common council, that there is some public interest involved, so as to override the real facts, when the question is presented for judicial determination, as has just been determined in *Williams v. Standard Oil Co.* (U. S.) 49 Sup. Ct. 115, decided January 2, 1929. That neither the federal or state prohibition laws either expressly or by implication broaden or extend the regulatory power of municipalities is too plain to require discussion here. See *Salt Lake City v. Sutter,* 61 Utah, 533, 216 Pac. 234.

It is enough, therefore, for the disposition of this case to say that no proper warrant of authority has been pointed out, nor do we find any, in the legislative field of the common council of Milwaukee by which the asserted power to pass such an ordinance can be sustained.

*By the Court.*—Judgment affirmed.