188 So. 74

### DYE v. STATE.
### 8 Div. 809.

Court of Appeals of Alabama.

Feb. 7, 1939.

Rehearing Denied March 21, 1939.

---

[1] Ante, p. 473.

· William Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This cause was tried by the Court without the intervention of a jury, and presents but one question; and that is, as to the sufficiency of the indictment.

The Statute reads:—Section 3875 of the Code of 1923—

"Any person who engages in the practice of dentistry, either as assistant or employe, or who receives any license required by law to practice dentistry, except he shall have passed the examination provided for by chapter 18, of this Code, and received the certificates as therein provided, and any person who practices dentistry in this state without having received a certificate as therein provided, shall be guilty of a misdemeanor," etc.

The indictment reads as follows: "The Grand Jury of said County charge that, before the finding of this indictment that Monroe Dye, alias Mon Dye, whose name is to the Grand Jury otherwise unknown, did practice or engage in the business of dentistry without a license and contrary to law," etc.

Demurrer to the indictment raised the question that the offense is not properly charged, in that it uses the word "license" instead of the word "certificate." It will be observed that Chapter 18 of the Code of 1923, § 325 et seq., as amended by the Acts of the Legislature 1935, p. 902, uses the words "license" and "certificate" interchangeably, and a charge that the defendant "did practice or engage in the business of dentistry without a license contrary to law" is sufficient to put the defendant upon notice that he is engaged in practicing dentistry without having complied with the various Statutes authorizing him to so practice. McMillan v. State, 218 Ala. 602, 119 So. 652.

Moreover, the indictment is in the exact wording of the form laid down in the Code for prosecutions of this kind; Code of 1923, § 4556, subdivision 41.

The demurrer was properly overruled and the judgment is affirmed.

Affirmed.