DYER, Appellant, vs. CITY COUNCIL OF THE CITY OF BELOIT and others, Respondents.

*May 13—June 10, 1947.*

614

For the appellant there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Eli Block* and *George S. Geffs.*

The cause was submitted for the respondents on the brief of *Clarence L. Haugan,* attorney, and *Arnold, Caskey & Robson* of counsel, all of Beloit.

BARLOW, J. The city of Beloit passed an ordinance under its police power regulating the sale and distribution of whole milk for direct human consumption, and the question presented involves the constitutionality of this ordinance. The only provision attacked is sec. 8.09 (X) (2) of the general ordinance, which provides:

"No pasteurized milk shall be sold in the city of Beloit which shall not have been pasteurized in approved plants within six miles from the intersection of State street and East Grand avenue in the city of Beloit."

It is claimed this is a trade barrier, violates the right of contract guaranteed under the Fourteenth amendment of the constitution of the United States, and is in conflict with the interstate-commerce clause of the United States constitution, sec. 8, art. I.

The material facts, part of which were stipulated, are that Lawrence Dyer, appellant, applied for a license to distribute milk in the city of Beloit under the ordinance, setting forth in his application for a license that he was going to obtain his milk from a pasteurizing plant of the Dean Milk Company located in Chemung, Illinois, a distance of between twenty-five and thirty miles from the point indicated by the ordinance of the city of Beloit, and truck the same to the city of Beloit. As required by the ordinance, he filed with the city clerk a list of farmers who furnished milk to the Dean Milk Company plant,

the total number of farms being one hundred ninety-seven. These farms are located in four counties, three of which are in the state of Illinois and one in the state of Wisconsin. The application was denied under the ordinance. The state line between Wisconsin and Illinois is the south city limits of the city of Beloit.

That cities have a right to pass a milk ordinance for the welfare and health of their citizens is not disputed, and milk ordinances are general in the state of Wisconsin and elsewhere in the nation. Such an ordinance must be reasonable and not arbitrary, must not go beyond the reasonable demands of the occasion, and must tend to accomplish the purpose of its adoption. Courts will not interfere with the exercise of police power by a municipal corporation in the absence of a clear abuse of discretion and unless it is manifestly unreasonable and oppressive, for it is not within the province of the courts, except in clear cases, to interfere with the exercise of this power reposed by law in municipal corporations. 11 Am. Jur., Constitutional Law, p. 1092, sec. 307. Municipal corporations are *prima facie* the sole judges respecting the necessity and reasonableness of ordinances under their police power, and every intendment is to be made in favor of the lawfulness and reasonableness of such ordinance. The city is presumed to have full knowledge of local conditions, and its adoption of an ordinance in the light of this knowledge creates a *prima facie* presumption that it is reasonable. 3 McQuillin, Mun. Corp. (2d ed.) p. 110, sec. 951. The reasonableness of an ordinance depends upon the purpose sought to be accomplished and the effect upon all who must comply with it.

The city of Beloit is in the center of an area producing great quantities of milk, containing a large number of pasteurization plants, condenseries, and creameries. The area described in the ordinance includes pasteurization plants both in Wisconsin and in Illinois. Over four hundred farms are included in the area and slightly over one hundred farms produce sufficient milk to supply the demand of the city of Beloit.

Thus three fourths of the milk produced in the area is not required to supply the city of Beloit and is shipped elsewhere for such purposes as it may properly be used. The supply of milk in the area is ample for a large number of additional milk plants of any type that may desire to engage in the business. The ordinance clearly was not passed for the purpose of limiting the business to the plants then in operation. Milk is usually delivered to near-by plants as a matter of economy and convenience, which answers the contention that the location of the farms producing the milk is not limited by the ordinance but the location of the pasteurization plant is. The ordinance in question not only provides for the inspection of the pasteurization plants, but requires the inspection of the farms producing the milk.

It is claimed by appellant, and admitted by the city sanitarian from a few examinations made by him, that the milk produced by the Dean Milk Company complied with the sediment tests, blue tests, other tests, and content requirements of the ordinance of the city of Beloit. This could well be true of milk purchased from a pasteurization plant a much greater distance from the city of Beloit. Convenience, efficiency, and cost of inspection enter into a determination of the question of the reasonableness of an ordinance. It is said in *State ex rel. Larson v. Minneapolis* (1933), 190 Minn. 138, 142, 251 N. W. 121, with reference to the constitutionality of a milk ordinance, quoting with approval from the trial court:

"It is obvious that adequate inspection is a reasonable precaution. It is obvious that consideration of convenience, efficiency and cost of inspection are proper to be taken into account in determining the question of reasonableness. It is also obvious that there is somewhere a limit of distance beyond which inspection by the city's agents would be too inconvenient, too costly, and too likely to be ineffective to be practicable. It seems to me there can be no doubt of the right of the city council to fix a reasonable limit beyond which it will not provide for inspection, and beyond which, for that reason, pasteurization plants will not be licensed."

The city of Beloit has two employees in this department, the city sanitarian and an assistant, and proof was offered that to assume the inspection of the additional plant and farms it would require the employment of another employee at a cost of $2,400 per year, and if other likewise distant plants were included it would cost much more. Convenience and efficiency are self-evident.

It cannot be said that the city, in adopting the section in dispute, arbitrarily acted on the question of convenience, efficiency, and cost of inspection, unless we adopt the rule in the case of *Meridian, Ltd., v. Sippy,* 54 Cal. App. (2d) 214, 128 Pac. (2d) 884, where the court said that milk production is a legitimate business and so long as persons engaged in the business put out a clean, pure, and wholesome product it should be permitted to flow freely on the markets, unburdened by duplication of inspection and prohibitive trade barriers, which rule we do not adopt.

Counsel for appellant relies on *State ex rel. Larson v. Minneapolis, supra,* and *LaFranchi v. Santa Rosa,* 8 Cal. (2d) 331, 65 Pac. (2d) 1301. In each instance the city passed an ordinance restricting the sale of milk in their respective cities to that pasteurized in plants located within the city limits of the particular city. No consideration was given to the area necessary to furnish the milk, and the plants near the cities in question were arbitrarily prohibited from selling milk in the city. No inspection of the farms producing the milk was provided for in the ordinances, making the facts entirely different from those under consideration. Every ordinance must stand or fall upon its own merits. It is either reasonable or arbitrary in accordance with the facts and purposes it is intended to serve, if within the police powers of the municipality adopting it. The area necessary to be included in the ordinance could well depend upon the population to be served, the amount of milk produced, and the location of the pasteurization plants with reference to the population to be served. A

reasonable exercise of police power is not a trade barrier, and contract rights guaranteed under the Fourteenth amendment of the federal constitution do not have a superior right to the right of a municipality to reasonably protect the health of its citizens.

This ordinance does not violate the interstate-commerce clause of the United States constitution. Milk may be furnished from farms and pasteurization plants in the state of Illinois as well as in the state of Wisconsin, and in fact milk is so furnished. The production and delivery of milk are essentially local problems with which congress has not sought to deal, leaving the city of Beloit free to act in the exercise of its police powers. *State v. Chicago, M. & St. P. R. Co.* (1908) 136 Wis. 407, 117 N. W. 686, 19 L. R. A. (N. S.) 326; *Wadhams Oil Co. v. Tracy* (1909), 141 Wis. 150, 123 N. W. 785.

It is argued that secs. 97.31 to 97.37, Stats., prohibit the sale of milk from unhealthy cows, insanitary barns and utensils, and the sale of insanitary and adulterated milk, and authorize the state department of agriculture to inspect the premises, plants, and facilities of transportation and fix the requirements of pasteurization. The department of agriculture assumes responsibility for milk complying with the statutes used in manufacturing, this being known to the public as "Grade B milk," but it leaves to the municipalities the regulation of milk furnished for direct human consumption, known to the public generally as "Grade A milk," except as the department of agriculture assists the municipalities and co-operates with them in requiring dealers to sell clean, wholesome milk produced under sanitary conditions that comply with the state law and local ordinances that may be lawfully passed. This cannot be said to burden interstate commerce in any way.

It is considered that the ordinance is a reasonable exercise of the police power of the city of Beloit.

*By the Court.*—Judgment affirmed.