JOHNSTON, d/b/a L. S. P. BAKERY, and others, Appellants,
v. CITY OF SHEBOYGAN and others, Respondents.

*February 2—March 1, 1966.*

180

181

For the appellants there was a brief by *Federer, Grote, Hesslink, Rhode & Neuses* and *Theodore A. Grote,* all of Sheboygan, and oral argument by *Theodore A. Grote.*

For the respondents there was a brief and oral argument by *Clarence H. Mertz,* city attorney.

GORDON, J.   The appellants urge that sec. 13.14 (1) of the Sheboygan Municipal Code is invalid because it collides with an enactment of the legislature on the same subject, because it is discriminatory in its application, because it is designed to produce revenue, and because it exceeds the basic authority of a city. We will consider each of these challenges to the enactment.

The appellants point to secs. 97.10 and 97.12, Stats., and urge that the ordinance of the city of Sheboygan purports to regulate the same subject which has been fully covered (and thereby pre-empted) by secs. 97.10 and 97.12. In *Milwaukee v. Piscuine* (1963), 18 Wis. (2d) 599, 602, 119 N. W. (2d) 442, this court held that an ordinance adopted by a city under its home-rule authority and police power will be upheld unless it is in direct conflict with a state statute on the same subject or is found to be unreasonable or arbitrary.

We do not regard the ordinance in question as being in conflict with secs. 97.10 and 97.12, Stats. The latter statutes provide that "no person shall operate a bakery without a license." A "bakery" is defined as a place where enumerated food products are "baked, cooked or dried, or prepared or mixed for baking, cooking or drying, for sale as food." Thus, the aforesaid Wisconsin statutes would appear to regulate the production activities of a bakery, while the ordinance relates to the *sale* of food products, including baked goods. While the statute regulates one operation of a bakery, the ordinance regulates another, and no direct conflict results. In *Milwaukee v. Childs Co.* (1928), 195 Wis. 148, 151, 217 N. W. 703, this court stated:

". . . municipalities may enact ordinances in the same field and on the same subject covered by state legislation where such ordinances do not conflict with, but rather complement, the state legislation."

*La Crosse Rendering Works v. La Crosse* (1939), 231 Wis. 438, 455, 285 N. W. 393; *Fox v. Racine* (1937), 225 Wis. 542, 545, 275 N. W. 513.

We recognize that the distinction that we make here is a narrow one. Nevertheless, it is a meaningful distinction, and our observing it is consistent with our responsibility to uphold the validity of an ordinance if there is any reasonable basis for so doing. *Milwaukee v. Hoffmann* (1965), 29 Wis. (2d) 193, 138 N. W. (2d) 223; *Odelberg v. Kenosha* (1963), 20 Wis. (2d) 346,

351, 122 N. W. (2d) 435; *Milwaukee v. Piscuine* (1963), 18 Wis. (2d) 599, 608, 119 N. W. (2d) 442.

The argument that the ordinance is discriminatory is not persuasive. There is a section in the ordinance which relieves certain food establishments from paying a fee, but this is based upon a reasonable classification and does not support the charge of discrimination. The fact that portions of the ordinance apply to some persons and not to others does not render it discriminatory unless the classifications are arbitrary or unreasonable. Cf. *State v. McKune* (1934), 215 Wis. 592, 596, 255 N. W. 916. Liberally construing the ordinance, we must reject the claim that it is invalid by reason of an alleged discrimination. *Milwaukee v. Hoffmann* (1965), 29 Wis. (2d) 193, 138 N. W. (2d) 223; *Dyer v. City Council of Beloit* (1947), 250 Wis. 613, 616, 27 N. W. (2d) 733.

The appellants' argument that the ordinance is invalid because it has as its true purpose the raising of revenue is wholly unsupportable. In *Milwaukee v. Hoffmann* (1965), 29 Wis. (2d) 193, 199, 138 N. W. (2d) 223, this court stated:

"The charging of a reasonable fee does not corrupt the otherwise constitutional purposes of the ordinance."

In charging the modest fee of $5 for each establishment, the city of Sheboygan can hardly be said to have adopted a revenue-raising measure. A fair reading of the ordinance persuades us that in passing sec. 13.14 (1), the city has not attempted to enact a revenue measure but has instead invoked a reasonable technique for the regulation of the retail sale of food products within its boundaries.

The contention that the city of Sheboygan is not empowered to enact an ordinance is contradicted by the constitutional grant found in sec. 3, art. XI of the Wisconsin constitution and by the home-rule powers conferred by sec. 62.11 (5), Stats. In our opinion, sec. 62.11 (5) constitutes a broad grant of home-rule

authority and vests the city with the authority to enact legislation to promote and protect "the health, safety and welfare of the public."

The authority which stems from the constitutional clause is limited upon its face to "local affairs." *Plymouth v. Elsner* (1965), 28 Wis. (2d) 102, 106, 135 N. W. (2d) 799; *Muench v. Public Service Comm.* (1952), 261 Wis. 492, 515c–515g, 53 N. W. (2d) 514, 55 N. W. (2d) 40; *Van Gilder v. Madison* (1936), 222 Wis. 58, 71, 267 N. W. 25, 268 N. W. 108. Although the functions of state and local governments often overlap, this court made the following observation in *State ex rel. Ekern v. Milwaukee* (1926), 190 Wis. 633, 640, 209 N. W. 860:

"We also recognize that many matters while of 'state-wide concern,' affecting the people and state at large somewhat remotely and indirectly, yet at the same time affect the individual municipalities directly and intimately, can consistently be, and are, 'local affairs' of this amendment."

See *Muench v. Public Service Comm.* (1952), 261 Wis. 492, 53 N. W. (2d) 514.

We conclude that the protection of its citizenry from the sale of uninspected food in the city of Sheboygan is a local affair within the meaning of sec. 3, art. XI, Wisconsin constitution, even though it is also, simultaneously, of statewide interest.

There is applicable to the ordinance in question the statement of Mr. Chief Justice MARSHALL in the celebrated case of *McCulloch v. Maryland* (1819), 17 U. S. (4 Wheat.), 316, 421, 4 L. Ed. 579:

"Let the end be legitimate, let it be within the scope of the constitution, and all means which are appropriate, which are plainly adapted to that end, which are not prohibited, but consist with the letter and spirit of the constitution, are constitutional."

*By the Court.*—Judgment affirmed.

CURRIE, C. J., took no part.