GEORGE H. HANDY, M.D., State Health Officer, Department of Healthand Social Services
You have requested the opinion of this office as to whether or not a county government can refuse to accept the results of soil tests conducted by a soil tester certified under sec. 145.045, Stats., and require that such tests be conducted by county employes. You describe the situation from which your request arises in the following statements:
 "Four counties in Wisconsin, . . . restrict the evaluation of sites for the construction of soil absorption systems to staff engaged by the county government. With the establishment of Chapter 287, Laws of 1973, . . . we had hoped that these indicated counties would recognize and accept the work performed by a certified soil tester. . . . we have received information that Winnebago County will not recognize the certified soil tester." *Page 587 
Chapter 287, Laws of 1973, provides:
"145.045 of the statutes is created to read:
 "145.045 CERTIFICATION OF SOIL TESTERS. (1) POWERS AND DUTIES. The department shall by rule establish an examining program for the certification of soil testers, setting such standards as the department finds necessary to accomplish the purposes of this chapter. Such standards shall include formal written examinations for all applicants. The department shall charge applicants for the costs of examination and certification. After July 1, 1974, no person may construct soil bore holes, conduct soil percolation tests or other similar tests specified by the department, relating to the disposal of liquid domestic wastes into the soil unless he holds a valid certificate issued under this section.
 "(2) REVOCATION OF CERTIFICATE. The department may revoke or suspend the certification of any soil tester but only after a formal hearing for the practice of any fraud or deceit in obtaining the certificate or any gross negligence, incompetence or misconduct in the practice of soil testing.
 "(3) A plumber or septic tank installer may also be a soil tester and install any system after approval of the site or project by the state board of health or local county appointed administrator."
Although sec. 145.045, Stats., refers to "certification" of soil testers, it appears that the statute actually contemplateslicensing soil testers.
"License" was defined in State ex rel. Fairchild v. WisconsinAuto. Trades Asso. (1949), 254 Wis. 398, 401, 37 N.W.2d 98, as:
 ". . . `Authority to do some act or carry on some trade or business, in its nature lawful but prohibited by statute, except with the permission of the civil authority or which would otherwise be unlawful.'"
Similarly, in State v. Jackman (1973), 60 Wis.2d 700, 711,211 N.W.2d 480, the court stated: *Page 588 
 ". . . Normally, a license is a right or permission granted by competent authority to do an act which without such license would be illegal. . . ."
After July 1, 1974, no person may engage in the business of soil testing unless certified by the Department of Health and Social Services. Sec. 145.045 (1), Stats. "Certification," under sec. 145.045, Stats., therefore, is functionally equivalent to "licensing." State ex rel. Fairchild v. Wisconsin Auto. TradesAsso., supra; State v. Jackman, supra.
In Wilkie v. City of Chicago (1900), 188 Ill. 182,58 N.E. 1004, 1007, 80 Am. St. Rep. 182, the court stated:
 "The certificate, by express terms, authorizes the recipient to engage in the business of plumbing. A certificate or paper having that effect is a license, which, in its general sense, is an authority to do something which, without such authority, is prohibited. Webster defines a license to be a formal permission from proper authorities to perform certain acts or carry on a certain business, which, without such permission, would be illegal. The certificate is within that definition, and is a license."
Courts have construed the word "certificate" as equivalent to and interchangeable with the word "license" in statutes where the context suggested that the legislature intended "license" when it used the word "certificate." Wilkie v. City of Chicago, supra;Dye v. State (1939), 28 Ala. App. 473, 188 So. 74, 75, cert.den., 237 Ala. 587, 188 So. 75; Hahn v. State (1958),78 Wyo. 258, 322 P.2d 896. As the above cases indicate, the use of "certificate" and "license," as interchangeable terms in appropriate contexts, is in accord with ordinary usage.
Accordingly, I conclude that the term "certificate," as employed in sec. 145.045, Stats., signifies "license." Sec.990.01 (1), Stats.
Section 145.04 (2), Stats., provides:
 "(2) NO LOCAL LICENSES. No . . . county, . . . may require the licensing of any person licensed or registered under this chapter or prohibit such person from engaging in or working at business within the scope of his license or permit." *Page 589 
I have concluded that the certification provided in sec.145.045, Stats., is a "license or permit." Accordingly, sec.145.04, Stats., protects the right to engage in the business of soil testing conferred by certification under sec. 145.045, Stats.
The facts of the present situation are closely analagous to the facts discussed in 51 OAG 24 (1962). The question addressed in that opinion was the following:
 ". . . may the city of Eau Claire lawfully require a plumber, duly licensed as such by the state of Wisconsin, to file an indemnity bond and a public liability insurance policy with the city clerk before he can engage in plumbing in such city?" 51 OAG at pp. 24-25.
Attorney General John W. Reynolds answered the above question in the following way:
 "It is my opinion that the city of Eau Claire may not lawfully require the filing of the bond and insurance policy in question before a duly licensed plumber may engage in plumbing in that city. In effect, such a requirement clearly prohibits a plumber, licensed under Ch. 145, from engaging in or working at the business of plumbing until he complies with it. This being so, the requirement violates sec. 145.04 (2) since that statute specifically denies to cities and the other governmental units named the power to `prohibit plumbers licensed under this chapter from engaging in or working at the business of plumbing.'
 "Even if sec. 145.04 (2) did not exist, it would still be my opinion that the bond and insurance policy in question must be deemed unlawful under the principle, well recognized in Wisconsin, that where the state has entered the field of regulation, municipalities may not make regulations inconsistent or in conflict therewith. See Fox v. Racine, (1937) 225 Wis. 542, 545. Clearly, an ordinance of the kind in question, denying a plumber, duly licensed by the state, the right to act under such license in Eau Claire, unless and until he meets the bond and insurance policy requirement of such ordinance, is an ordinance in conflict with and inconsistent with state law. . . ." 51 OAG at p. 26 *Page 590 
Attorney General Reynold's reasoning quoted above is clearly applicable to the situation under discussion. Moreover, sec.145.04 (2), Stats., was amended since 1962, to apply to the situation at hand. Furthermore, Wisconsin law continues to deny municipalities the authority to make regulations in conflict with state law in areas of state-wide concern. Milwaukee v. Childs
(1928), 195 Wis. 148, 151, 217 N.W. 703; Johnston v. Sheboygan
(1966), 30 Wis.2d 179, 184, 140 N.W.2d 247; 44 OAG 146 (1955).
All of the above cited cases and opinions concerned municipalities possessing home rule powers under Art. XI, sec. 3, Wis. Const. The issue presently under discussion, concerns counties which lack such powers. A county is an arm of the state, an instrumentality of the state created to carry out state functions at the local level. State ex rel. Bare v. Schinz
(1927), 194 Wis. 397, 400, 216 N.W.2d 509; State ex rel.Sonneborn v. Sylvester (1965), 26 Wis.2d 43, 56, 132 N.W.2d 249. Accordingly, a county has absolutely no authority to make and enforce regulations inconsistent with state public policy as established by statute.
The county regulations under discussion, prohibit a certified soil tester not employed by the county, "from engaging in or working at business within the scope of his license or permit." Sec. 145.04 (2), Stats. Furthermore, the county regulations are inconsistent with the regulatory scheme devised by the legislature in sec. 145.045, Stats.
In my opinion, therefore, a county government cannot refuse to accept the results of soil tests conducted by a soil tester certified under sec. 145.045, Stats., and cannot require that such tests be conducted by county employes.
VAM:CAB